IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN
AND FOR DUVAL COUNTY, FLORIDA

FILED
MAY 12 2016

LARRY FELTON WHITE, JR.,
Plaintiff,

v.   Civil Action No.: 16-2016-CA-00600
     Division: CV-B

THE CITY OF JACKSONVILLE, AND/OR
THE JACKSONVILLE SHERIFF'S OFFICE,
Defendant.

Legal Mail
Provided to
River Correctional Facility
5/3/16 for mailing

_____/

## PLAINTIFF'S AMENDED
## FALL DOWN NEGLIGENCE COMPLAINT

Plaintiff, Larry Felton White, Jr., sue Defendant, the City of Jacksonville and the Jacksonville Sheriff's Office, pursuant to Form 1.951, Florida Rules of Civil Procedure (2015), and respectfully moves for judgment to be entered within thirty (30) days.

Plaintiff alleges the following:

1. This is an action for damages/compensation in an excess of $15,000.00.

2. On august 26th, 2014, Defendant was the owner, and in possession of a building at: 500 East Adams Street, in Jacksonville, Florida, that was used as a County Jail.

3. At that time and place Plaintiff went on the property to await a new trial, which was granted from the higher court.

4. Defendant negligently maintained the procedures to be followed in regards to inmates using the mop buckets in the dorms, on the property by failing to provide wet floor signs at all times while the mop buckets are being used by any inmate, so that Plaintiff fell on the property.

5. The negligent condition was known to Defendant or had existed for a sufficient

length of time so that Defendant should have known of it. See; Exhibit "A"

6. As a result Plaintiff was injured in and about his or her body and extremities, suffered pain therefore, incurred medical expense in the treatment of the injuries, and suffered physical handicap, and has working ability was impaired; the injuries are either permanent or continuing in nature and Plaintiff will suffer the loses and impairment in the future.

7. Plaintiff is bringing a complaint pursuant to Fla. Stat. 768.28, which he has to allege that he has in fact given proper notice to the appropriate agencies, as required by law.

8. Compliance with section 768.28, Florida Statutes, is a condition precedent to suit. *Commercial Carrier Corp. v. Indian River County*, 371 So. 2d 1010, 1022-23 (Fla. 1979), and compliance is required.

9. Under the case law, Plaintiff would respectfully submit that he was in fact performed the conditions precedent to the filing of said lawsuit, by giving the section 768.28(6)(a) notice to the <u>Department of Administration and Finance</u>, and also the <u>City of Jacksonville and/or the Jacksonville Sheriff's Office</u>, which are the appropriate agencies in regards to give said notice to.

Wherefore, Plaintiff respectfully demands judgment for damages against Defendant, The City of Jacksonville and/or The Jacksonville Sheriff's Office for an unspecified amount of money in excess of $15,000.00 to compensate, including all costs and interest, and for such other and further relief as this court may deem just and proper.

/s/ _____
Larry Felton White, Jr.,
DC# J35120
Blackwater River C.F.
5914 Jeff Ates Road
Milton, FL 32583

2

BRCF Law Library