**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LARRY FELTON WHITE, JR.,

                Plaintiff,

v.                                           Case No.  3:17-cv-330-J-32MCR

THE CITY OF JACKSONVILLE AND
THE JACKSONVILLE SHERIFF'S
OFFICE,

                Defendants.

## ORDER OF REMAND

Plaintiff initiated this action by filing a pro se complaint (Original Complaint) (Doc. 1-1 at 8-11) in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. In the Original Complaint, Plaintiff asserted state law negligence claims against Defendants the City of Jacksonville and the Jacksonville Sheriff's Office. The City of Jacksonville filed a motion to dismiss the Original Complaint. Id. at 35-37. The state court granted the motion to dismiss, dismissed the Original Complaint, and permitted Plaintiff leave to amend. Id. at 77. Plaintiff then filed an amended complaint (Amended Complaint) (Doc. 2) again asserting only state law negligence claims against Defendants. The City of Jacksonville filed a motion to dismiss Plaintiff's Amended Complaint (Motion to Dismiss) (Doc. 3) and in response, Plaintiff filed a motion to strike the Motion to Dismiss (Motion to Strike) (Doc. 4).

Before the state court ruled on the Motion to Dismiss or Motion to Strike, Plaintiff filed a motion to amend his amended complaint (Motion to Amend) (Doc. 7) and attached

his proposed second amended complaint (SAC) (Doc. 7-1). In the Motion to Amend, Plaintiff seeks to amend existing claims, add new defendants, and add new claims, including federal claims. Based upon the newly proposed federal claims, the City removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1443, and 1446. See Notice of Removal (Doc. 1). After removal, the City filed a motion to dismiss Plaintiff's SAC.[1] Doc. 8. In addition, the City filed a "Memorandum of Law of Plaintiff's Various State Court Motions" (Doc. 10) asserting that the pending state court motions were moot, and that the SAC is the operative complaint because the City "agreed to allow Plaintiff to proceed with his Petition to Amend Complaint and SAC . . . by removing this action to this Court and filing City's Motion to Dismiss Plaintiff's SAC." Id. at 2.

> A defendant may remove a civil action filed in a state court to the federal district court for the district in which the action is pending if the district court would have had jurisdiction over the suit. 28 U.S.C. § 1441(a). The "district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1304–05 (11th Cir. 2016).

Defendant must file a notice of removal within thirty days of receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). If the case is not removable based on the initial pleading, the defendant may file a notice of removal within thirty days of receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

---

[1] Plaintiff filed a motion for an extension of time to respond to the motion to dismiss Plaintiff's SAC. Doc. 11.

Under Florida law,

> A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend it at any time within 20 days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party.

Fla. R. Civ. P. 1.190(a). Additionally,

> Parties may be added once as a matter of course within the same time that pleadings can be so amended under rule 1.190(a). If amendment by leave of court or stipulation of the parties is permitted, parties may be added in the amended pleading without further order of court. Parties may be added by order of court on its own initiative or on motion of any party at any stage of the action and on such terms as are just.

Fla. R. Civ. P. 1.250(c).

In this case, Plaintiff did not have the right to amend as a matter of course because Plaintiff already had exercised his right to amend once. Plaintiff was required to receive consent from Defendants or seek leave of the state court to file the SAC. The City does not state in the Notice of Removal that it previously provided consent or stipulated to the SAC, or that the state court granted leave to amend. Rather, the City attempts to rely on the removal notice itself as evidence of its consent to the filing of the SAC; however, this is insufficient. Moreover, the state court did not have the opportunity to rule on the Motion to Amend before the City removed the case.

While the Court has found no Eleventh Circuit authority on point, the Seventh Circuit and multiple district courts have found that the state court must grant a motion to amend allowing the assertion of federal claims before a defendant has grounds to remove a case based on federal question jurisdiction. See, e.g., Sullivan v. Conway, 157 F.3d 1092, 1094

(7th Cir. 1998) ("Until the state judge granted the motion to amend, there was no basis for removal. Until then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion. The statutory language that we quoted speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge."); Brewer v. Hatton, No. 17-cv-02900-JSC, 2017 WL 3635824, at *2 (N.D. Cal. Aug. 24, 2017) ("Because California required Plaintiff to obtain leave of court to file the SAC, Plaintiff had not obtained such leave when Defendants removed the case, and he had not previously asserted any federal claim, there was no pending federal claim at the time of removal and this is not a case over which this Court has subject matter jurisdiction."); Glass v. City of Chattahoochee, No. 4:16cv124-WS/CAS, 2016 WL 3128370, at *5-6 (N.D. Fla. May 6, 2016), report and recommendation adopted, No. 4:16cv124-WS/CAS, 2016 WL 3129218 (N.D. Fla. June 2, 2016); Barwick v. Eslinger, No. 6:12-cv-635-J-37DAB, 2012 WL 1656736, at *2 (M.D. Fla. May 10, 2012); McDonough v. UGL UNICCO, 766 F. Supp. 2d 544, 547 (E.D. Pa. 2011) ("Unless and until the state court grants Plaintiff's motion for leave to amend and that amended complaint becomes effective, the operative complaint in this matter—the First Amended Complaint—simply does not state a federal claim or otherwise give rise to federal jurisdiction."); Jackson v. Bluecross & Blueshield of Ga., Inc., No. 4:08-CV-49 (CDL), 2008 WL 4862686, at *3 (M.D. Ga. Nov. 10, 2008) ("Until the superior court judge grants Plaintiff's motion to amend her Complaint, there is no basis for removal because until then, Plaintiff's Complaint does not state a federal claim.").

The Court is persuaded by these and other similar cases. As recognized in <u>Donnelly v. City of Parkland</u>, No. 12-60015-CIV, 2012 WL 253212 (S.D. Fla. Jan. 26, 2012)

> Where federal question jurisdiction is the issue, the federal claim must actually be before the court in the operative pleading. In other words, a proposed amended complaint asserting a new federal claim is not sufficient because until the state court grants leave to file the proposed amended complaint there is not a federal claim actually pending—and thus no original jurisdiction in the federal courts.

<u>Id.</u> at *1.

Here, the state court did not grant Plaintiff's Motion to Amend nor did the City provide written consent to file the SAC before removal. Thus, at the time of removal, the Amended Complaint, which only asserts state law claims, was the operative complaint. Because there is no federal question before the Court, the Court lacks subject matter jurisdiction and the case must be remanded. <u>See</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.

2. The Clerk is directed to remand the case to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, and transmit a certified copy of this Order to the clerk of that court. All pending motions are carried with the case.

3. After remand has been effected, the Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 8th day of January, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

sflc

c: Larry Felton White, Jr., #J35120
Counsel of Record